**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

LINDA R. WRIGHT,                                           No. 98-1713
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: September 15, 1998

Decided: October 16, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Linda R. Wright, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda Wright, a Dalkon Shield Claimant, appeals the district court's order denying her motion to set aside an alternative dispute resolution (ADR) decision. We affirm.

Wright claimed that she was inserted with a Dalkon Shield in 1965. It was removed in 1974. She asserted that the device caused pelvic inflammatory disease, perforation, endometritis, uncontrolled bleeding, infertility, emotional injury, and pain and suffering. The Dalkon Shield Claimants Trust contended that the intrauterine device (IUD) Wright used was not a Dalkon Shield, because the device was not commercially available until November 1969, well after Wright's IUD was inserted.

Wright elected to resolve her claim through ADR. The referee concluded that Wright had not met her burden of proving that the device she used was a Dalkon Shield. Therefore, she was not entitled to compensation for injuries caused by the Dalkon Shield.

Wright moved to vacate the ADR decision. The district court denied the motion, finding that she was simply dissatisfied with the referee's decision and that the referee had not committed flagrant misconduct in reaching his decision. Therefore, judicial review was not appropriate. This appeal followed.

The decision of an ADR referee is "binding and final," and a Dalkon Shield Claimant who proceeds to ADR generally relinquishes the right to judicial review. See In re A.H. Robins, Inc. (Bledsoe v. Dalkon Shield Claimants Trust), 112 F.3d 160, 163 (4th Cir. 1997). The ADR Agreement that Wright signed and the ADR Rules provide no mechanism for judicial review of ADR decisions. Nonetheless, the district court may grant review from an ADR decision "`where the

2

moving party demonstrates flagrant referee misconduct by clear and convincing evidence.'" Id. We review the district court's refusal to vacate an ADR decision for abuse of discretion. See id.

Here, there was no abuse of discretion. The district court correctly found that the referee did not commit flagrant misconduct of the type envisioned by Bledsoe. Rather, the referee made a reasoned determination based on the evidence of record.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3